1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MILPITAS MOBILE HOME ESTATES, dba FRIENDLY VILLAGE MOBILE HOME ESTATES,<br><br>        Petitioner,<br><br>  v.<br><br>THE CITY OF MILPITAS, THE CITY OF MILPITAS CITY COUNCIL, and THE MOBILE HOME PARK RENTAL REVIEW BOARD,<br><br>        Respondents. | Case No.: 5:12-CV-03386-EJD<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED PETITION**<br><br>**[Re: Docket No. 29]** |

Presently before the Court is Respondents the City of Milpitas ("the City"), the City of Milpitas City Council ("the City Council"), and the Mobile Home Park Rental Review Board's ("the Park Rental Review Board") (collectively, "Respondents") Motion to Dismiss Petitioner Milpitas Mobile Home Estates' ("Petitioner") First Amended Petition. Docket Item No. 29. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having fully reviewed the parties' briefing, and for the following reasons, the Court GRANTS Respondents' Motion.

## I.   Background

### a.   Factual Background

Petitioner is a California limited partnership that owns and operates Friendly Village Mobile Home Estates ("Friendly Village"). First Amended Petition ("FAP") ¶¶ 5–6, Docket Item

1

United States District Court
For the Northern District of California

No. 28.  Friendly Village is a 196-space mobile home park in Milpitas, California.  FAP ¶ 6, Dkt.
No. 28.   Ralph Tingle, the primary investor in the partnership, acquired the park in 1975, before
rent control adoption in the City.  Id. ¶ 16.  Mr. Tingle expected to charge a fair market rent for the
park space, where the property value would appreciate in step with the market rate.  Id.  There was
no agreement between the City and Petitioner to operate Friendly Village as a low-income
residence.  Id.

In 1992, the City adopted the Mobile Home Park Rent Increases Ordinance ("the
Ordinance").  Req. for Judicial Notice Ex. A, Docket Item No. 16-6 (Milpitas, Cal., Code of
Ordinances tit. III, ch. 30, § 1.01 (Aug. 18, 1992)).[1]  Through the Ordinance, the City
acknowledged that due to the "unique position" of mobile home owners, an exorbitant rent increase
would fall on the owners with "particular harshness."  Id.  Accordingly, the Ordinance limits the
amount and frequency of annual mobile home rent increases.  Id. Ex. A at 6–8.  Specifically, under
the Ordinance, any rent increase proposal that (1) exceeds fifty percent of the increase of the
Consumer Price Index, or (2) is five percent above the current rent, whichever is less, is subject to
a required hearing by the City.  Id. Ex. A at 6.

### b.  Procedural Background

On June 29, 2011, Petitioner notified park tenants of a plan to increase monthly rent to
$875.  FAP ¶ 18, Dkt. No. 28.  Given that the monthly rent at Friendly Village was $603 or less at
the time, Petitioner's proposal stood to increase the rent by 45% ($272) or more.  See id.  Petitioner
alleges that in response to this proposal, but prior to the required hearing, the City engaged in
"retaliatory conduct"—suggesting Petitioner was a "slum lord," soliciting complaints from park
tenants, and misrepresenting facts about the park's condition.  FAP ¶ 20, Dkt. No. 28.  On January
19, 2012, the Park Rental Review Board conducted the hearing on the proposal.  Id. ¶ 26.  Eight
days later, the Board declined Petitioner's rent increase proposal.  Id. ¶ 57.  On February 6, 2012,

---

[1] In support of their motion, Respondents submit a Request for Judicial Notice of the Ordinance.  See Docket Item No.
29-1 Ex. A.  This Court previously granted judicial notice of the Ordinance.  See Order Gr't'g Resp't Mot. to Dismiss
("Order") 2, Docket Item No. 27; Resp't Req. for Judicial Notice Ex. A, Docket Item No. 16-6.  Because the Ordinance
is unchanged, this Court refers to the previously granted request.

Case No.: 5:12-CV-03386-EJD
ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
PETITION

1   Petitioner appealed to the City Council; the City Council affirmed the Park Rental Review Board's

2   decision on April 4, 2012.  FAP ¶¶ 58–61, Dkt. No. 28.

3        Petitioner filed two petitions challenging the City Council's decision: one in the Santa Clara

4   Superior Court[2] and one in this Court.  See Pet. for Writ of Admin. Mandamus, Docket Item No. 1.

5   On December 3, 2012, Respondents filed a Motion to Dismiss pursuant to Federal Rules of Civil

6   Procedure 12(b)(1) and 12(b)(6), which the Court granted on August 21, 2013.  Resp't Mot. to

7   Dismiss, Docket Item No. 16; Order, Dkt No. 27.  In granting the Motion, the Court noted that

8   Petitioner did not satisfy the required pleading standard under Federal Rule of Civil Procedure 8

9   because the "First Cause of Action" contained a mix of at least five separate claims.  Order, Dkt.

10  No. 27.  As to the specific claims the court could ascertain, the Court dismissed Petitioner's facial

11  challenges to the Ordinance and Petitioner's claim under California Code of Civil Procedure

12  section 1094.5 without leave to amend and dismissed Petitioner's Private Taking, Due Process, and

13  Equal Protection claims with leave to amend.  Id.

14       On September 4, 2013, Petitioner filed the FAP, which included amended Private Taking,

15  Due Process, and Equal Protection claims. FAP, Dkt. No. 28.  On September 23, 2013,

16  Respondents filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure

17  12(b)(6).  Dkt. No. 29.  The Court now turns to the substance of that motion.

18  **II.    Legal Standard**

19       Federal Rule of Civil Procedure 12(b)(6) provides that a party may file a motion to dismiss

20  when there is a "failure to state a claim upon which relief can be granted."  Rule 12(b)(6) tests the

21  legal sufficiency of claims asserted in the plaintiff's complaint.  Ashcroft v. Iqbal, 556 U.S. 662,

22  678–80 (2009).  A complaint requires "a short and plain statement of the claim showing that the

23  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For purposes of Rule 12(b)(6), a "claim"

24  means a set of facts that, if established, entitle the pleader to relief.  Bell Atl. Corp. v. Twombly,

25  550 U.S. 554, 555 (2007).

26

27  [2]The Court previously granted judicial notice of the Santa Clara Superior Court Petition.  See Order 2, Dkt. No. 27; Dkt. No. 16-6 Ex. B.  To the best of this Court's knowledge, that Petition remains pending.

28  Case No.: 5:12-CV-03386-EJD
    ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
    PETITION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    A motion to dismiss may be granted when (1) the complaint fails to allege a cognizable

2    legal theory, or (2) there is an absence of sufficient facts alleged under a cognizable legal theory.

3    Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  A complaint

4    must "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  The

5    plausibility standard requires factual allegations be above speculative level.  Twombly, 550 U.S. at

6    556–57; Iqbal, 556 U.S. at 679–80.  Plausibility is not akin to probability, for a plaintiff must plead

7    enough factual content to allow a court to reasonably infer that the defendant is liable for the

8    alleged misconduct.  Iqbal, 556 U.S. at 678.

9    Plausibility is analyzed under two steps.  First, the court looks at the statements in the

10   complaint and discerns factual allegations from legal conclusions.  Id. at 681.  The court need not

11   accept as true legal conclusions cast in the form of factual allegations.  Id.  In the second step, the

12   court relies on judicial experience and common sense, considers the claim context, and decides

13   whether the factual allegations state a plausible claim.  Id. at 679.  At a minimum, the plaintiff must

14   allege sufficient facts to "state the elements" of his claim.  Johnson v. Riverside Healthcare Sys.,

15   LP, 534 F.3d 1116, 1122 (9th Cir. 2008).  At this step, the allegations are assumed to be true.

16   Iqbal, 556 U.S. at 679.

17   **III.    Discussion**

18   **a.  Private Taking**

19   The Bill of Rights guarantees that private property shall not "be taken for public use,

20   without just compensation."  U.S. Const. amend. V.  Known as the Takings Clause, this provision

21   imposes two limits on the government's ability to take a property owner's land.  First, if a taking

22   occurs, the government must compensate the owner the property's market value.  United States v.

23   Miller, 317 U.S. 369, 373–74 (1943).  Second, the governmental taking must be for purposes of

24   public use.  Kelo v. City of New London, 545 U.S. 469, 477 (2005).  The latter requirement is

25   known as the Public Use Clause.  The Supreme Court has held that when a taking rationally relates

26   to a conceivable public purpose, there is no violation of the Public Use Clause.  Hawaii Hous.

27   Auth. v. Midkiff, 467 U.S. 229, 241 (1984).  However, the Court has also made clear that a taking

28

4

Case No.: 5:12-CV-03386-EJD
ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
PETITION

**United States District Court**
For the Northern District of California

1   is unconstitutional when made to confer a private benefit on a particular private party or under

2   pretext of a public purpose, when the actual purpose is to bestow a private benefit.  Kelo, 545 U.S.

3   at 477–78.

4       Petitioner primarily contends that the Ordinance, as applied,[3] is an unconstitutional private

5   taking because it serves as mere pretext for "appeas[ing] tenants for political reasons" by

6   transferring wealth from Petitioner to the mobile home park residents.  Pet. Opp'n to Resp't Mot.

7   to Dismiss ("Opp'n") 9-10, Docket Item No. 30.  Particularly, Petitioner suggests that, considering

8   the proposed fair market rent is not excessive, monopolistic, or coercive, "it becomes apparent"

9   that Respondents denied the rent proposal in order to take Petitioner's money and leasehold

10   interests and transfer this benefit to the park tenants in the form of a significant monthly subsidy.

11   FAP ¶ 80, 86, Dkt. No. 28; Opp'n 13, Dkt. No. 30.

12       Petitioner has not cited a single relevant case nor provided any relevant factual allegations

13   to support its characterization of the City's actions as unconstitutional pretext.  See FAP ¶¶ 81–84,

14   Dkt. No. 28.  Rather, Petitioner merely recites general statements of law, indicating that strong

15   judicial deference to legislative judgment under rational basis review is inappropriate when the

16   government's purported public purpose is merely pretext for a private taking.  Id. ¶¶ 77–79.  For

17   instance, Petitioner correctly asserts that the Supreme Court in Kelo made clear that a local

18   government may not achieve constitutional protection for a private taking by merely asserting that

19   the taking is executed for a public purpose.  However, Petitioner fails to address the fact that the

20   Supreme Court found the development plan at issue in Kelo to be a sufficient public purpose and

21   described the hypothetical "one-to-one transfer[s] of property, executed outside the confines of an

22   integrated development plan" raised by the Kelo petitioners as "unusual" and "aberrations" that

23   

24   _____

[3] Petitioner also includes a number of arguments that appear to be thinly veiled facial challenges to the Ordinance.  See Opp'n 8, 11, 13-14, Dkt. No. 30.  In its previous Order, this Court dismissed Petitioner's facial challenge without leave to amend, basing its decision on the wealth of Supreme Court and Ninth Circuit precedent establishing that similar rent control ordinances bear a rational relation to a legitimate public purpose.  See Order 6, Dkt. No. 27 (citing Pennell v. San Jose, 485 U.S. 1, 13 (1988); Guggenheim v. City of Goleta, 638 F.3d 1111, 1123 n.52 (9th Cir. 2010); Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo, 548 F.3d 1184, 1194 (9th Cir. 2008); Action Apt. Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1024 (9th Cir. 2007)).  To the extent Petitioner's arguments invite the Court to engage in a facial analysis, the Court declines to do so.

5

Case No.: 5:12-CV-03386-EJD
ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
PETITION

1    would need to be examined with suspicion and skepticism should they ever occur.  See 545 U.S. at

2    487, n.17; FAP ¶ 75, Dkt. No. 28.

3           Petitioner has provided no factual allegations which, taken as true, could support the

4    plausible inference that the City's actions, as applied to him, lie outside the scope of this precedent

5    or otherwise fall into the narrow category of "aberrations" identified in Kelo.[4]  As Respondents

6    correctly point out, over one hundred jurisdictions in California have adopted rent control

7    ordinances and, as discussed in this Court's previous Order, these ordinances have routinely

8    survived constitutional scrutiny.  See Resp't Reply 3, Docket Item No. 31; Order 6, Dkt. No. 27

9    (citing Pennell, 485 U.S. at 13; Guggenheim, 638 F.3d at 1123 n.52; Equity Lifestyle, 548 F.3d at

10   1194; Action Apt. Ass'n., 509 F.3d at 1024)).  Here, the Ordinance is an overarching rent control

11   measure that applies equally to all mobile home parks in the City.  Petitioner has not included any

12   allegations suggesting that the way the City applied the Ordinance in this case differs from how the

13   Ordinance was intended to apply or in how it has actually been applied to other mobile home parks.

14          Nor does Petitioner supply factual allegations to support its claim that the instant case can

15   be likened to 99 Cents Only Stores or Armendariz, cases in which the challenged takings were

16   found to be pretextual because they benefitted a specific private party without serving any

17   particular public purpose.  See 99 Cents Only Stores v. Lancaster Redev. Agency, 237 F. Supp. 2d

18   1123, 1129 (C.D. Cal. 2001); Armendariz v. Penmann, 75 F.3d 1311, 1321 (9th Cir. 1996).  As this

19   Court found in its previous Order, the City's actions pursuant to the Ordinance, as alleged, are not

20   analogous to the takings in these two cases because Petitioner has not identified a specific private

21   party whom the City is seeking to benefit through its actions nor provided factual allegations

22   sufficient to plausibly state any ulterior motive on the part of the City.  Order 7–8, Dkt. No. 27.[5]

23

24   [4] Petitioner's challenge of the Ordinance under California law does nothing to overcome these pleading deficiencies.
     These arguments most appropriately go to whether the Ordinance, or indeed rent control ordinances generally, meets
25   the rational review standard.  This issue, as discussed above, has been conclusively resolved by both the Supreme
     Court and the Ninth Circuit.
26   [5] Petitioner's additional argument—that the City's actions pursuant to the Ordinance is pretext because, as applied to
     Petitioner, the Ordinance does not achieve its stated purposes—is equally unpersuasive.  The Court addressed this
27   efficacy argument in its previous Order and, as Petitioner has not materially altered this argument, the Court will not
     repeat its reasoning here.  See Order 8, Dkt. No. 27.

28   Case No.: 5:12-CV-03386-EJD
     ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
     PETITION

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    That the Ordinance results in a benefit to mobile home park tenants is precisely the Ordinance's

2    goal—a goal which squarely has been found to constitute a legitimate public purpose.  Having

3    failed to remedy the deficiencies previously identified by this Court, Petitioner has again failed to

4    state a claim under the Takings Clause.  See Twombly, 550 U.S. at 555 ("[f]actual allegations must

5    be enough to raise a right to relief above the speculative level . . . .").

6               **b.  Substantive Due Process**

7            In the context of mobile home rent control cases, the Ninth Circuit has held that Takings

8    Clause claims subsume additional constitutional claims when those claims depend on an argument

9    that the relevant ordinance, as applied, denies the owner a fair return on investment or otherwise

10   prevents just compensation.  Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 960 (9th

11   Cir. 2011).  In accordance with Colony Cove, this Court previously found Petitioner's Due Process

12   claim to be subsumed by its Takings claim because Petitioner had premised this claim on the

13   financial loss caused by the Ordinance.  Id.  In its FAP, Petitioner seeks to circumvent this

14   precedent by claiming that Respondents have violated other constitutional rights in addition to the

15   right to a fair return.  FAP ¶ 92, Dkt. No. 28.  Petitioner argues these additional rights include the

16   right to be free from either a private taking, or the arbitrary or discriminatory denial of an ability to

17   charge rents that are "neither excessive, coercive nor monopolistic in any way."  Id.  Petitioner

18   does not cite any relevant authority to support this legal argument nor include factual allegations

19   sufficient to distinguish these alleged violations from the violation of Petitioner's right to just

20   compensation under the Takings Clause.  As such, the Court is not compelled to reach a different

21   conclusion; Petitioner's Due Process claim remains subsumed by its Takings Clause claim.

22               **c.  Equal Protection**

23           Petitioner's Equal Protection claim also ultimately remains premised on the right to just

24   compensation and as such remains subsumed by its Takings Clause claim.  See FAP ¶ 107, Dkt.

25   No. 28 (alleging that Respondents' actions resulted in a $639,744 annual income loss that

26   Petitioner seeks to recover in damages).  However, even if Petitioner's Equal Protection claim was

27   not subsumed, the claim would not survive this Rule 12(b)(6) challenge because Petitioner appears

28

7

Case No.: 5:12-CV-03386-EJD
ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
PETITION

to allege that the Ordinance singles out mobile home parkowners and allows other business owners to charge unregulated prices. Id. ¶ 100. The Ninth Circuit has rejected nearly identical arguments and Petitioner has not provided sufficient factual allegations or argument to compel this Court to reach a different conclusion. See, e.g., Equity Lifestyle, 548 F.3d at 1195 (rejecting the plaintiff's Equal Protection challenge that the ordinance singled out mobile home owners to bear the burden to provide tenants with economic benefits while allowing other property owners in San Luis Obispo County to adjust rental prices); Guggenheim, 638 F.3d at 1122–23 (rejecting the parkowner's Equal Protection claim that the rent control ordinance treated parkowners differently from other landlords and holding that the ordinance satisfied rational basis review).

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS Respondents' Motion to Dismiss the FAP. The Court finds that allowing for further amendment would be futile since Petitioner has already amended its Petition with guidance from the Court but, in doing so, has failed to materially alter its petition or otherwise remedy the previously identified deficiencies. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996). As such, Petitioner's FAP is DISMISSED WITHOUT LEAVE TO AMEND.

The clerk shall CLOSE this file.

**IT IS SO ORDERED**

Dated: August 26, 2014

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-03386-EJD
ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE FIRST AMENDED
PETITION